FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 4 2001

JAMES W. McCORMACK, CLERK
By: _____
DEP/CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

GENA CADIE                                    **PLAINTIFF**

VS.           NO. 4-01-CV-00735 JMM

ROSETTA RAMSEY, individually,
and the CITY OF SHERWOOD, AR             **DEFENDANTS**

This case assigned to District Judge _____
and to Magistrate Judge _____

### COMPLAINT

Comes the Plaintiff, **Gena Cadie**, by and through her attorney, Edward G. Adcock, and for her causes of action against the Defendants named herein, states and alleges as follows:

## I.

## Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **Gena Cadie**, against Rosetta Ramsey and Plaintiff Cadie's former employer, the City of Sherwood, Arkansas alleging, as more specifically set forth below:

         **(a)** that Plaintiff **Gena Cadie** was arbitrarily terminated from her employment by the City of Sherwood, AR without just cause in retaliation for her exercise of First Amendment privileges in violation of the First and Fourteenth Amendments to the Constitution of the United States;

         **(b)** that Plaintiff **Gena Cadie** was arbitrarily terminated from her employment on the basis of her sex, specifically, because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Omnibus Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e-5, *et. seq.*;

## II.

## Jurisdiction and Venue

1.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically the rights to free speech guaranteed by the First and Fourteenth Amendments thereto. Jurisdiction is also invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Omnibus Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e-5, *et. seq.*, which creates a private cause of action to redress discrimination on the basis of sex in employment.

2.      Venue of this Court is proper pursuant to 28 U.S.C. 1391(c) in that all of the acts and conduct complained of herein occurred and all claims raised herein arose within the corporate boundaries of the City of Sherwood, Pulaski County, Arkansas encompassed within the Western Division of the Eastern District of Arkansas.

3.      Plaintiff Cadie has complied with all conditions precedent to this action under Title VII by filing a timely charges of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") on March 6, 2001, a true copy of which is appended as Exhibit No. 1 and incorporated by reference as if set forth word-for-word herein. Plaintiff Cadie received a Dismissal and Notice of Rights from the EEOC on October 18, 2001, a true copy of which is appended as Exhibit No. 2 and incorporated by reference as if set forth word-for-word herein. This action is filed within 90 days of Plaintiff Cadie's receipt of the Dismissal and Notice of Rights.

## III.

## The Parties

4.      Plaintiff, **Gena Cadie**, is an adult female citizen of the United States currently residing in North Little Rock, Pulaski County, Arkansas. At all times material hereto, until her unlawful termination on September 7, 2000, Plaintiff was employed as a data entry clerk by the Municipal Court of the City of Sherwood.

5.     Defendant Rosetta Ramsey is a citizen of the United States currently residing in Pulaski County, Arkansas.  At all times material hereto Defendant Ramsey Plaintiff Gena Cadie's supervisor in and for the Municipal Court of the City of Sherwood.  Except for the defamatory statements made by Defendant Ramsey regarding Plaintiff's spouse, Charles Cadie, which were outside the scope of her job duties, all of the acts and conduct of Defendant Ramsey complained of herein constitute "state action" within the meaning of 42 U.S.C. § 1983.

6.     Defendant, City of Sherwood, Arkansas, is a political subdivision of the State of Arkansas duly created and acting pursuant to the laws of the State of Arkansas.  Most of the acts and conduct complained of herein by Defendant City of Sherwood's officials/employees, specifically the termination of Plaintiff Gena Cadie, constitute "state action" within the meaning of 42 U.S.C. § 1983.  At all times pertinent hereto, Defendant, City of Sherwood, Arkansas, was an "employer" within the meaning of Title VII.

## IV.

## The Facts

7.     At all times pertinent hereto until her unlawful termination on September 7, 2000 Plaintiff, Gena Cadie, was employed as a Data Entry Clerk by the Defendant, City of Sherwood, specifically assigned to work in the Hot Checks Division of the Sherwood Municipal Court.  Defendant Ramsey was at all times pertinent hereto Plaintiff Gena Cadie's direct supervisor and, upon information and belief, made the decision to terminate at issue in this action.

8.     At all times pertinent hereto Plaintiff Cadie was a probationary employee.  Shortly after her date of hire, Plaintiff Cadie learned that she was pregnant and immediately advised her employer, specifically Defendant Rosetta Ramsey.  Subsequently, because she was probationary and, hence, not elegible for paid leave time, when she had to leave the workplace for prenatal care, Plaintiff Cadie used unpaid leave time, all of which was pre-approved by Defendant Ramsey.

9.     Despite the pregnancy, throughout her period of employment with the Defendant City, Plaintiff Cadie's actual work performance was excellent.

10.     On or about March 27, 2000, Plaintiff Charles Cadie applied for a position with the City of Sherwood.  As a part of the application process he was required to take a drug/alcohol urinalysis.  Subsequently, Defendant Ramsey told at least three (3), and possibly more, employees of the Sherwood Municipal Court that Plaintiff Charles Cadie had "failed" the City's drug test.  This was not true.  In point of fact, Plaintiff Charles Cadie did not fail the City's drug test.  The test did not reveal the presence of any illegal drug or substance whatever.

11.     On Monday, August 28, 2000, Defendant Rosetta Ramsey, during the course of reprimanding Plaintiff for having a calendar hung on the wall in her work space, did slap Plaintiff Gene Cadie on the shoulder.  The physical contact, though not excessively violent or causing permanent harm, was unwanted and unwarranted under the circumstances and caused Plaintiff Cadie emotional stress.

12.     Shortly thereafter, on Friday, September 1, 2000, Plaintiff Gena Cadie learned that Defendant Ramsey had defamed her husband, specifically, that Defendant Ramsey told several members of the staff of the Sherwood Municipal Court that Plaintiff Charles Cadie had "failed" the drug test.  The statements of Defendant Ramsey were false and defamatory and placed Charles Cadie and, inferentially, Plaintiff Gena Cadie in a false light.  Further, Defendant Ramsey's false statements about Plaintiff Cadie's husband also constituted a dissemination of private and confidential medical information in which Charles Cadie had a legitimate expectation of privacy under the laws of the State of Arkansas.

13.     On Tuesday, September 5, 2000, Plaintiff Gena Cadie filed a grievance, complaining of Defendant Ramsey's unwarranted and offensive physical touching, *see* Paragraph No. 11, above, and also complaining of Defendant Ramsey's defamation of her husband.  *See* Paragraph Nos. 10 & 12, above.

14.     On Thursday, September 7, 2000, Plaintiff Gena Cadie was terminated, allegedly for "failure to satisfactorily complete [her]. . .probationary period."  The purported reason[s] for termination were false and were, in fact, mere pretexts for **a)** retaliation against Plaintiff Gena Cadie for her exercise of rights guaranteed under the First Amendment, *specifically*, her filing of

the grievance complaining of Defendant Ramsey's defamation and her release of private, confidential medical records, and, **b)** discrimination on the basis of sex, specifically, because of Plaintiff Cadie's pregnancy.

15. The actions and conduct of Defendants Ramsey and the City of Sherwood, as described above, *see*, Paragraph Nos. 7 through 14, above, were purposeful and intentional and based upon the desire to retaliate against Plaintiff Gena Cadie for her exercise of rights guaranteed her by the First Amendment to the Constitution of the United States.

16. The actions and conduct of Defendants Ramsey and the City of Sherwood, as described above, *see*, Paragraph Nos. 7 through 14, above, were purposeful and intentional and based upon the desire to discriminate against Plaintiff Gena Cadie on the basis of sex, specifically, her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Omnibus Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e-5, *et. seq.*.

17. The acts and conduct of Defendants Ramsey and the City of Sherwood, as described above were willful and malicious and known to Defendants to deny Plaintiff Gena Cadie of rights guaranteed her by the First and Fourteenth Amendments to the Constitution of the United States and of the right right to be free of discrimination on the basis of sex in employment.

18. As a result of the conduct and actions of Defendants Ramsey and the City of Sherwood, as described above, Plaintiff Gena Cadie suffered actual injury, including but not limited to loss of income and benefits, income potential and employment opportunities, extreme humiliation, mental anguish and emotional distress.

## V.

## Causes of Action

19. Plaintiff incorporates Paragraph Nos. 1 through 18, above, as though specifically set forth word-for-word, and set forth the following causes of action, *to wit*:

(a) that Plaintiff's termination was in retaliation for her exercise of free speech, specifically, her grievance, all in in violation of the First and Fourteenth Amendments to the Constitution;

(b)     that Plaintiff 's termination was based upon her sex, specifically, her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the Omnibus Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e-5, *et. seq.*; and,

(c)     that the acts and conduct of Defendant Ramsey, as described above, were willful and malicious and designed to retaliate against Plaintiff.

## VI.

## Demand for Jury Trial

20.     Plaintiff respectfully requests a trial by jury.

## VII.

## Prayer for Relief

**WHEREFORE**, in consideration of the foregoing, Plaintiff, **Gena Cadie,** after service of this Complaint upon the Defendants herein, prays the Clerk to set this matter for a trial by jury and upon a hearing to issue a Judgment:

(a)     declaring that the acts and conduct of the Defendants were in retaliation for Plaintiff Gena Cadie's exercise of rights secured to her by the First and Fourteenth Amendments to the Constitution;

(b)     declaring that the acts and conduct of the Defendants were based upon Plaintiff Gena Cadie's sex, specifically, her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Omnibus Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e-5, *et. seq.*;

(c)     reinstating Plaintiff Gena Cadie to her job with all back pay and benefits as of September 7, 2000;

(d)     awarding Plaintiff Gena Cadie compensatory damages for her emotional distress, pain and suffering in an amount to be established at trial, but in any event greater than that necessary to establish diversity jurisdiction;

(e)     declaring that the acts and conduct of the Defendant Rosetta Ramsey were willful and malicious and awarding the Plaintiff Gena Cadie punitive damages against her;

   **(f)**    Awarding Plaintiff's their costs incurred in bringing this action, including a reasonable attorney's fee and expert witness fees.

   **DATED** this _24th_ day of _October_, _2001_.

               Respectfully submitted,

               **GENA CADIE**

By:   _____

               **Edward G. Adcock** # 83001
               Attorney at Law
               1018 Cumberland # 11
               Little Rock, AR. 72203
               Phone:  (501) 375-2702

               Attorney for Plaintiffs

b:complaint/cadie1.doc

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 251-A1-0693 |
| ☒ EEOC | |

and EEOC

*State or local Agency, if any*

**NAME** *(Indicate Mr., Ms., Mrs.)*
GENA L. CADIE

**HOME TELEPHONE** *(Include Area Code)*
(501) 835-3480

**STREET ADDRESS**
2681 JADESTONE

**CITY, STATE AND ZIP CODE**
No. LITTLE ROCK, AR 72116

**DATE OF BIRTH**
4-24-77

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
City of Sherwood

**NUMBER OF EMPLOYEES, MEMBERS**
200+

**TELEPHONE** *(Include Area Code)*
835-0898

**STREET ADDRESS**
2201 E. KIEHL AVE

**CITY, STATE AND ZIP CODE**
SHERWOOD, AR 72120

**COUNTY**
PULASKI

**NAME**

**TELEPHONE NUMBER** *(Include Area Code)*

**STREET ADDRESS**

**CITY, STATE AND ZIP CODE**

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ AGE |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ NATIONAL ORIGIN | | ☐ DISABILITY | ☒ OTHER *(Specify)* PREGNANCY |

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)        LATEST
MAR 08 2001

☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:

I was terminated from my employment w/ the City of Sherwood on 9/7/00. I know the termination was based upon my pregnancy because in my unemployment compensation hearing my supervisor admitted that my unpaid leaves — taken w/ her permission for the purpose of pre-natal care — were one of her reasons for recommending termination. I believe my termination was based upon my sex in violation of Title VII, 42 USC 1000e.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

Date 1/26/01     Charging Party *(Signature)* Gena Cadie

EEOC FORM 5 (Test 10/94)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Gena Cadie<br>2631 JADESTONE<br>NORTH LITTLE ROCK, AR 72117 | **From:** E.E.O.C<br>Little Rock Area Office<br>425 W Capitol Suite 625<br>Little Rock AR 72201 |

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 251A10693 | Natascha DeGuire, Inv. | (501) 324-6212 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____  
Kay Klugh, Director

Enclosure(s)

OCT 16 2001  
_____  
*(Date)*

cc: CITY OF SHERWOOD  
2201 E. KIEHL AVENUE  
SHERWOOD, AR 72120